UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VW *individually* and VW *on behalf of PW, a student with a disability*,

                    Plaintiff,

       -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                    Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/17/2022

21 Civ. 6317 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, V.W., both individually and on behalf on her minor child, P.W., brings this action against Defendant, the New York City Department of Education (the "DOE"), pursuant to the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. § 1400 *et seq.* V.W. seeks review of the April 29, 2021 decision of New York State Review Officer Steven Krolak (the "SRO") affirming in part and reversing in part the January 4, 2021 decision of Impartial Hearing Officer Israel S. Wahrman (the "IHO"). Compl., ECF No. 1.

    The parties move for summary judgment. For the reasons stated below, V.W.'s motion is GRANTED in part and DENIED in part, and the DOE's cross-motion is GRANTED in part and DENIED in part.

**BACKGROUND**

    The factual background of this case is largely undisputed. P.W. is a sixteen-year-old student diagnosed with autism. *See* Pl. Mem. at 2, ECF No. 27; Def. Mem. at 2, ECF No. 33. She has severe expressive and receptive delays and sensory processing deficits. R0034, ECF No. 18-1.[1] P.W. is considered nonverbal, experiences difficulty with focus and self-regulation, and

---

[1] The administrative record was filed in four separate volumes. Volume 1, ECF No. 18-1, contains record pages R0001–349. Volume 2, ECF No. ECF 18-2, contains record pages R0350–404. Volume 3, ECF No. 18-2, contains record pages R0405–419. Volume 4, ECF No. 18-4, contains record pages R0420–543.

has exhibited self-injurious behavior.  *Id.*  V.W. enrolled P.W. at the Atlas Foundation School ("Atlas"), a private school offering behavioral modification supports for students with communication needs, for the 2017–2018 school year and reenrolled P.W. at Atlas for the 2018–2019 and 2019–2020 school years.  Pl. Mem. at 4–5.

I.   Procedural History

In a decision dated January 14, 2020 (the "January 2020 Decision"), the IHO determined that: (1) the DOE failed to offer P.W. a free and appropriate public education ("FAPE") for the 2016–2017, 2017–2018, and 2018–2019 school years, and (2) Atlas was an appropriate placement for the 2018–2019 school year.  R0010.  On January 15, 2020, the IHO conducted a hearing on pendency[2] and issued an interim order on February 5, 2020.  *Id.*  On March 5, 2020, the IHO held a second hearing on pendency and issued a second interim order on March 24, 2020, consistent with the January 2020 Decision.  *Id.*

The DOE appealed the January 2020 Decision, which directed compensation to V.W. for her services as P.W.'s travel aide during the 2017–2018 and 2018–2019 school years.  *Id.*  In a decision dated April 29, 2021, the SRO found that the IHO erred by awarding such compensation to V.W. on the ground that reimbursement of lost wages is a form of compensatory damages unavailable in an administrative forum under the IDEA.  *Id.*

II.   IHO Hearing and Opinion

On June 5, 2019, V.W. advised the DOE that: (1) P.W.'s last individualized education program ("IEP") was developed on May 4, 2017, (2) V.W. had notified the district of her objections to the IEP in 2017, (3) V.W. intended to place P.W. at Atlas for the 2019–2020 school

---

[2] Pendency refers to the requirement under the IDEA that a student must remain, at public expense, in their current educational placement while administrative and judicial proceedings are pending.  *See Ventura de Paulino v. N.Y. City Dep't of Educ.*, 959 F.3d 519, 526 (2d Cir. 2020), *cert. denied*, 141 S. Ct. 1075 (2021), *reh'g denied*, 141 S. Ct. 1530 (2021).

year, and (4) V.W. intended to seek funding from the DOE for such placement.  R0009.  She

filed a due process complaint on December 20, 2019, alleging that the DOE had not convened a

Committee on Special Education ("CSE") or developed an IEP for P.W. since May 2017, and

that P.W. was denied a FAPE for the 2019–2020 school year.  *Id.*

The assigned IHO, Israel S. Wahrman, held a hearing on seven non-consecutive dates

ranging from January 15 to August 10, 2020, R0027, and issued his decision on January 4, 2021

(the "IHO Order"), R0039.  V.W. requested: (1) funding for the private placement of P.W. at

Atlas; (2) an order directing the DOE to provide transportation for P.W. to and from school,

funding for transportation-based applied behavior analysis ("ABA"), and reimbursement for the

out-of-pocket costs she incurred in transporting P.W. to and from school during the 2019–2020

school year; (3) compensatory home-based ABA; (4) reimbursement for school meals and

snacks; and (5) reimbursement for the time she spent serving as a transportation paraprofessional

for P.W. for the 2019–2020 school year.  R0028–29.  The DOE did not argue that it provided a

FAPE for P.W. for the 2019–2020 school year.  R0034.  The DOE only contested the

appropriateness of P.W.'s placement at Atlas and contended that V.W.'s requests for

transportation-based and home-based ABA should be denied.  R0028.

The IHO Order held that the evidence V.W. presented demonstrated that Atlas continued

to be an appropriate placement for the 2019–2020 school year, and directed the DOE to fund the

cost of P.W.'s placement at Atlas for that school year.  R0036.  The DOE did not appeal this

aspect of the IHO Order.  R0012, R0017–18.  The IHO also ordered reimbursement of out-of-

pocket expenses related to the transportation of P.W. to and from school, R0037, compensatory

home-based ABA, R0036, and reimbursement of out-of-pocket costs for P.W.'s food during

school hours, R0036.  But, he denied reimbursement for the time V.W. spent serving as a

transportation paraprofessional for P.W., R0038, stating that granting such a request was beyond his authority on the ground that monetary damages are not available under the IDEA, R0037 (citing *Taylor v. Vt. Dep't. of Educ.,* 313 F.3d 768, 786 n.14 (2d Cir. 2002); *Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 485 (2d Cir. 2002)).  After the conclusion of the hearing, V.W. sought to admit an exhibit documenting a particular agency's rate for transportation paraprofessional services.  R0037.  The IHO excluded the exhibit as irrelevant.  R0038.

V.W. appealed the IHO Order, arguing that: (1) the order to reimburse her for the cost of food during the school day failed to specify that "food" was not limited to meals or lunch, but should also include breakfast, snacks, and edible incentives and reinforcers; (2) the IHO failed to fully address her claims for reimbursement of travel-related expenses and failed to order prospective funding for transportation-based ABA, instead ordering only reimbursement of the cost of transportation-based ABA services utilized during the 2019–2020 school year; and (3) the IHO erred in denying reimbursement for the time she spent serving as P.W.'s transportation paraprofessional, characterizing her request as one for monetary damages, and declining to admit a post-hearing exhibit.  R0011–12.  The DOE cross-appealed, contending that the IHO erred in ordering compensatory home-based ABA.  R0012.

III.   SRO Opinion

On April 29, 2021, the SRO issued his decision (the "SRO Order").  R0025.  The SRO Order held that V.W. was not aggrieved by the IHO Order with respect to reimbursement for food during school hours, as the IHO Order did not exclude any of the categories of food-related expenses for which V.W. sought reimbursement.  R0018.  Therefore, V.W. was not entitled to appeal this portion of the IHO Order.  *Id.*  Next, the SRO Order held that the IHO did not err in

declining to award reimbursement of travel-related expenses because the hearing record does not

contain any evidence of travel expenses.  R0021.  The SRO Order further held that the IHO's

failure to award prospective transportation-based ABA was appropriate because an award of

prospective services circumvents the statutory process requiring a CSE to periodically assess a

student's needs.  R0021–23 (citing *Eley v. Dist. of Columbia*, No. 11 Civ. 309, 2012 WL

3656471, at *11 (D.D.C. Aug. 24, 2012)).

The SRO Order also denied V.W.'s request for reimbursement for serving as a

transportation paraprofessional for P.W.  R0023–25.  The SRO held that V.W.'s role in

transporting P.W. is not a compensatory service that "makes up for a payment that the [DOE]

was supposed to provide" to P.W.  R0023.  He instead characterized V.W.'s claim as one for

monetary damages, which are not available in an administrative forum under the IDEA.  R0024

(citing *Taylor*, 313 F.3d at 786 n.14; *Polera*, 288 F.3d at 483; *R.B. v. Bd. of Educ.*, 99 F. Supp.

2d 411, 418 (S.D.N.Y. 2000)).  The SRO held that the IHO's exclusion of V.W.'s post-hearing

exhibit setting forth the hourly rate charged by a specific agency for transportation

paraprofessional services as irrelevant was proper because the IHO determined that he did not

have the authority to award compensation to V.W. for her time spent serving as P.W.'s

transportation paraprofessional.  R0019 (citing 8 NYCRR 200.5(j)(3)(xii)(c)).  The SRO also

noted that V.W. delayed in obtaining the post-hearing exhibit and that the exhibit does not list

the rates for a paraprofessional provider for the 2019–2020 school year—the school year at issue.

*Id.*  For these reasons, the SRO declined to consider the post-hearing exhibit.  *Id.*

Finally, the SRO Order held that the IHO's award of compensatory education consisting

of home-based ABA services was inappropriate on the ground that P.W. cannot receive

compensatory education for the same school year in which she received tuition reimbursement

for a unilateral placement.  R0021 (citing *D.F. v. Collingswood Borough Bd. of Educ.*, 694 F.3d

488, 498 (3d Cir. 2012); *P.P. v. West Chester Area Sch. Dist.*, 585 F.3d 727, 739 (3d Cir. 2012)).

The SRO Order stated that an award of prospective services circumvents the statutory process

requiring a CSE to periodically assess a student's needs.  R0021–22.  V.W. argued that P.W. is

entitled to home-based ABA to make up for services that the DOE failed to provide, but the SRO

held that the DOE was required to fund, not provide, home-based ABA.  R0022 (distinguishing

*Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 456 (2d Cir. 2015); *Student X v. N.Y. City Dep't of*

*Educ.*, No. 7 Civ. 2316, 2008 WL 4890440, at *25–26 (E.D.N.Y. Oct. 30, 2008)).  Thus, the

SRO interpreted V.W.'s request as one for enforcement of a prior IHO order directing the DOE

to fund ABA services, and neither IHOs nor SROs have the authority to enforce prior decisions

rendered by administrative hearing officers.  R0022 (citing Educ. Law §§ 4404(1)(a), (2); *A.R. v.*

*N.Y. City Dep't of Educ.*, 407 F.3d 65, 76, 78 n.13 (2d Cir. 2005); *A.T. v. N.Y. State Educ. Dep't*,

No. 98 Civ. 4166, 1998 WL 765371, at *7, *9–10, n.16 (E.D.N.Y. Aug. 4, 1998)).

## STATUTORY FRAMEWORK

The IDEA requires each state to provide disabled children with a FAPE.  *R.E. v. N.Y. City*

*Dep't of Educ.*, 694 F.3d 167, 174–75 (2d Cir. 2012).  School districts are required to create an

IEP for each disabled child to ensure those children receive a FAPE.  *Id.* at 175 (citing 20 U.S.C.

§ 1414(d)).  An IEP "sets out the child's present educational performance, establishes annual and

short-term objectives for improvements in that performance, and describes the specially designed

instruction and services that will enable the child to meet those objectives."  *L.O. v. N.Y. City*

*Dep't of Educ.*, 822 F.3d 95, 102–03 (2d Cir. 2016) (quoting *R.E.*, 694 F.3d at 175).  An IEP

must be "reasonably calculated to enable a child to make progress appropriate in light of his

circumstances."  *Endrew F. ex rel. Joseph F. v. Douglas Cty. Sch. Dist.*, 137 S. Ct. 988, 999

(2017).  In New York City, the DOE creates an IEP through a local CSE.  *See* N.Y. Educ. Law § 4402(1)(b)(1).

If a parent believes that the DOE has failed to provide their child with a FAPE, in violation of the IDEA, the parent may file a due process complaint.  *M.O. v. N.Y. City Dep't of Educ.*, 793 F.3d 236, 239 (2d Cir. 2015) (per curiam) (quoting *Hardison v. Bd. of Educ.*, 773 F.3d 372, 376 (2d Cir. 2014)).  A parent may also "unilaterally enroll the child in a private school and seek tuition reimbursement from the school district" through a due process complaint. *Id.*  A due process complaint initiates administrative proceedings, including a hearing before an IHO.  *R.E.*, 694 F.3d at 175 (citing N.Y. Educ. Law § 4404(1)).  After an IHO has issued a decision, either party may appeal that decision to the SRO.  *Id.* (citing N.Y. Educ. Law § 4404(2)).  Either party may seek review of the SRO's final administrative decision by bringing a civil action in state or federal court.  *Id.* (citing 20 U.S.C. § 1415(i)(2)(A)).

## DISCUSSION

I.    Standard of Review

Although the parties have filed motions for summary judgment, the "procedure is in substance an appeal from an administrative determination, not a summary judgment [motion]." *M.H. v. N.Y. City Dep't of Educ.*, 685 F.3d 217, 226 (2d Cir. 2012) (quoting *Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 83 n.3 (2d Cir. 2005)) (alteration in original).  In an IDEA case, a motion for summary judgment "serves as a pragmatic procedural mechanism for reviewing a state's compliance" with the IDEA.  *Id.* at 225–26 (quoting *Lillbask*, 397 F.3d at 83 n.3).  The Court "must base its decision on the preponderance of the evidence." *R.E.*, 694 F.3d at 184.

Still, the Court "must give 'due weight' to [administrative] proceedings, mindful that the

judiciary generally 'lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy.'"  *M.H.*, 685 F.3d at 240 (quoting *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 113 (2d Cir. 2007)).  "[C]ourts may not 'substitute their own notions of sound educational policy for those of the school authorities which they review.'"  *T.Y. v. N.Y. City Dep't of Educ.*, 584 F.3d 412, 417 (2d Cir. 2009) (quoting *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206 (1982)).  Therefore, "the role of federal courts in reviewing state educational decisions under the IDEA is 'circumscribed.'"  *M.H.*, 685 F.3d at 240 (quoting *Gagliardo*, 489 F.3d at 112).

Where, as here, the IHO and SRO reach conflicting conclusions, "reviewing courts . . . must defer to the reasoned conclusions of the SRO as the final state administrative determination."  *Id.* at 246.  But, "the deference owed to an SRO's decision depends on the quality of that opinion."  *R.E.*, 694 F.3d at 189.  Courts may consider "whether the decision being reviewed is well-reasoned, and whether it was based on substantially greater familiarity with the evidence and the witnesses than the reviewing court."  *Id.* (quoting *M.H.*, 685 F.3d at 244).  Courts should "afford more deference when [their] review is based entirely on the same evidence as that before the SRO," as is the case here.  *Id.* (citation omitted).  However, if a court "appropriately concludes that the SRO's determinations are insufficiently reasoned to merit that deference, and in particular where the SRO rejects a more thorough and carefully considered decision of an IHO," that court may instead defer to the IHO's analysis.  *Id.* at 246. (citation omitted).  Additionally, a court need not defer to administrative decisions on matters of law.  *See Lillbask*, 397 F.3d at 82 ("[T]he due weight we ordinarily must give to the state administrative proceedings is not implicated with respect to issues of law, such as the proper interpretation of the federal statute and its requirements.") (quotation marks, ellipses, and alteration omitted).

When seeking to overturn the decision of an SRO, the parents bear the burden of demonstrating that the decision was insufficiently reasoned or supported.  *See M.H.*, 685 F.3d at 225 n.3.

II.   Home-Based ABA Services

V.W. seeks compensatory education in the form of home-based ABA for the 2019–2020 school year.  Pl. Mem. at 8–17.  The DOE argues that such compensatory education is foreclosed by the award of tuition reimbursement for the same school year.  Def. Mem. at 10–11.  The SRO held that the IHO's award of home-based ABA as compensatory education was inappropriate because: (1) "as the parents chose to unilaterally place [P.W.] at Atlas and received tuition reimbursement for that placement for the 2019–[20]20 school year, they may not also seek compensatory education for the same time frame," R0021, and (2) awarding prospective services "has the effect of circumventing the statutory process, pursuant to which the CSE is tasked with . . . periodically assessing the student's needs," R0021–22.  Because the SRO based his decisions on matters of law, the Court need not defer to the SRO's holding.  *See Lillbask*, 397 F.3d at 82.

First, the Court rejects the SRO's conclusion that compensatory education is foreclosed by an award of tuition reimbursement.  The caselaw cited by the DOE and the SRO does not stand for the proposition that tuition reimbursement and compensatory education are mutually exclusive, even during the same school year, and the Court considers the cited caselaw to be inapposite because it concerns specific circumstances that differ from those in this case.  *See D.F.*, 694 F.3d at 498 (considering whether compensatory education is an appropriate remedy where a parent disputes the adequacy of the DOE's placement of their child at a particular school and where the child had since moved out of the district); *P.P.*, 585 F.3d at 739 (addressing the propriety of compensatory education as a remedy for a procedural violation of the IDEA); *J.M. v. Kingston City Sch. Dist.*, No. 114 Civ. 542, 2015 WL 7432374, at *9 (N.D.N.Y. Nov. 23, 2015)

(considering the propriety of compensatory education in the form of an additional year of tuition where the student has since graduated from high school and where the plaintiff has also requested tuition reimbursement for the same school year).[3]

Moreover, the caselaw cited by both the DOE and the SRO is not binding on this Court. Even if the Third Circuit has adopted the position that compensatory education and tuition reimbursement are mutually exclusive remedies, the Court does not find its reasoning persuasive in light of caselaw from this Circuit that contradicts such an approach. *See Streck v. Bd. of Educ. of the E. Greenbush Cent. Sch. Dist.*, 408 F. App'x 411, 414 (2d Cir. 2010); *K.O. v. New York City Dep't of Educ.*, No. 20 Civ. 10277, 2022 WL 1689760, at *1–2 (S.D.N.Y. May 26, 2022). In fact, the Second Circuit has specifically held that an award of both compensatory education

---

[3] In *D.F. v. Collingswood Borough Bd. of Educ.*, the Third Circuit held that compensatory education remains an available remedy for denial of a FAPE, even if the student moves out of the school district. 694 F.3d at 498. In this context, the court stated that "compensatory education is at issue only when tuition reimbursement is not[.]" *Id.* (citing *Miener By & Through Miener v. State of Mo.*, 800 F.2d 749, 753 (8th Cir. 1986)). The *Miener* court held that, where a parent was unable to "front" the cost of educational services and, therefore, did not request reimbursement from the district, an order of compensatory services was appropriate. 800 F.2d at 753. The *Miener* court did not hold that tuition reimbursement and compensatory education were mutually exclusive. *Id.* Further, the issue in *D.F.* was whether the student was denied a FAPE due to the district's failure to provide a one-to-one aide in the classroom, the student's placement at a particular school, and improper discipline of the student during school hours. 694 F.3d at 492, 500. Here, V.W. seeks compensatory education as a remedy for the DOE's failure to provide P.W. with appropriate services outside of school hours, and tuition reimbursement was already awarded as a remedy for the DOE's failure to provide appropriate services during school hours. Unlike in *D.F.*, V.W. seeks two distinct remedies for two temporally distinct violations.

In *P.P. ex rel. Michael P. v. W. Chester Area Sch. Dist.*, the plaintiffs sought compensatory education as a remedy for a procedural violation of the IDEA. 585 F.3d at 739. The Third Circuit held that compensatory education was not appropriate under those circumstances, stating that "compensatory education is not an available remedy when a student has been unilaterally enrolled in a private school." *Id.* *P.P.* is therefore inapplicable to the instant case because the DOE failed to provide P.W. with an IEP for the 2019–2020 school year, R0034, as is statutorily required, *see* 20 U.S.C. § 1414(d)(2)(A); N.Y. Educ. Law § 4402, which is a substantive violation of the IDEA, *see Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley*, 458 U.S. 176, 203–04 (1982); *see also E. Lyme*, 790 F.3d at 450.

Finally, in *J.M. v. Kingston City Sch. Dist.*, the student had earned the equivalent of a high school diploma, but plaintiffs sought as compensatory education an additional year of education in a private school. No. 114 Civ. 542, 2015 WL 7432374, at *9 (N.D.N.Y. Nov. 23, 2015). The court held that "[w]here the parent has not unilaterally enrolled a child in a private school, and thus does not seek retroactive reimbursement, the child may be entitled to compensatory education." *Id.* at *13. The context of this case indicates that the court viewed tuition reimbursement and compensatory education in the form of an additional year of tuition as duplicative remedies. Here, V.W. did not request compensatory education in the form of an additional year of tuition, but rather requested home-based ABA services. Pl. Mem. at 8–17.

and tuition reimbursement for a single school year can be appropriate under certain circumstances. In *Doe v. E. Lyme Bd. Of Educ.*, the Second Circuit concluded that "appropriate equitable relief" can include "reimbursement or compensatory education (or both) for the full value of services that the educational agency was required to fund[.]" 790 F.3d at 445. It granted plaintiffs' requests for both tuition reimbursement and compensatory education in the form of services such as speech therapy. *Id.* at 453, 456–57. Although the Second Circuit made its decision in the context of a stay-put violation, that same remedy should be available to a student who has been denied a FAPE.[4] Thus, the SRO improperly concluded that awarding both tuition reimbursement and compensatory education for one school year is inappropriate. R0021.

Second, the Court finds that the SRO mischaracterized the IHO's award of home-based ABA services as a prospective remedy that circumvents the statutory process requiring a CSE to periodically review a student's needs. R0021–22. The IHO awarded home-based ABA as compensatory services due to the denial of a FAPE for P.W. for the 2019–2020 school year. R0038. "[C]ompensatory education is a retrospective and in kind remedy for failure to provide an appropriate education for a period of time." *P.P.*, 585 F.3d at 740. Because compensatory education is retrospective, it does not replace the judgment of a CSE regarding which services may be appropriate for a student for the upcoming school year.

The DOE similarly argues that the IHO's award of home-based ABA is prospective and insists that V.W.'s "appropriate recourse" in this situation is to file a due process complaint if she disagrees with the CSE's recommendation for the school year at issue, "or if no recommendation

---

[4] A stay-put violation occurs when a school district refuses to fund or provide services which it is required to fund or provide according to the most recent agreement between the parties during the pendency of proceedings disputing a student's educational placement. *See E. Lyme*, 790 F.3d at 452; *see also* 20 U.S.C. § 1415(j); *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 152, 171 (2d Cir. 2014). Even if it is ultimately determined that the student was not denied a FAPE, the school district is still obligated to fund the student's existing placement and services during the pendency of proceedings. *See E. Lyme*, 790 F.3d at 452.

is made."  Def. Mem. at 12 (citing N.Y. Educ. Law § 4404(1)).  But, that is precisely what V.W.

did.  The DOE did not provide an IEP for P.W. for the 2019–2020 school year, R0034, and V.W.

filed a due process complaint, R0009.  The IHO then awarded compensatory education in the

form of home-based ABA as a remedy for the denial of a FAPE for the 2019–2020 school year.

*See* R0036; R0038.  Therefore, V.W. followed the appropriate statutorily prescribed procedure

and obtained an award of retrospective relief.[5]

Additionally, the DOE argues that tuition reimbursement has already been awarded to

V.W. for the 2019–2020 school year because the IHO determined that Atlas provided P.W. with

an appropriate special education program, and therefore no additional services, including home-

based ABA, are necessary to provide P.W. with a FAPE.  R0116; *see also* Def. Mem. at 11; Def.

Reply at 1–2, ECF No. 36.  But, the IDEA defines a FAPE as inclusive of "special education *and*

related services," 20 U.S.C. § 1401(9) (emphasis added), and the term "related services" includes

services that "may be required to assist a child with a disability to benefit from special

education," 20 U.S.C. § 1401(26)(A); *see also E. Lyme*, 790 F.3d at 453.  Thus, both educational

placement and additional services may be necessary to provide a particular student with a FAPE,

and the award of tuition reimbursement in this case does not necessarily mean that additional

services, such as home-based ABA, are inappropriate.

Because the IHO made a determination that home-based ABA services were appropriate

for P.W. for the 2019–2020 school year, the Court defers to the IHO's reasoned judgment based

---

[5] V.W. argued in the alternative that the DOE was obligated to provide home-based ABA under previous orders issued by the IHO, and therefore compensatory education is an appropriate remedy for the DOE's failure to provide these services.  R0359, ECF No. 18-2.  The Court agrees and finds that this is a sufficient alternative basis on which to grant the requested relief.  The SRO determined that this was not an appropriate basis for awarding compensatory education because the DOE was obligated by the IHO's prior order to *fund*, but not *provide*, ABA services.  R0022. However, the previous order cited in the IHO Order, *see* R0036 (citing Exhibit D, R0381–393, ECF No. 18-2), states that the "DOE shall *provide or fund*" P.W. with home-based ABA.  R0392 (emphasis added).  Therefore, the SRO's conclusion on this point is inaccurate.

on facts in the hearing record.  Accordingly, V.W.'s motion for summary judgment on this point is GRANTED, and the DOE's cross-motion is DENIED.

III.    Transportation-Based ABA Services

V.W. also requests an order of prospective transportation-based ABA services.  R0021. The IHO did not comment on such services.  R0037.  The SRO declined to award prospective transportation-based ABA services because such an award can "circumvent[] the statutory process, pursuant to which the CSE is tasked with . . . periodically assessing the student's needs."  R0021–22; *see also Eley v. D.C.*, No. 11 Civ. 309, 2012 WL 3656471, at *11 (D.D.C. Aug. 24, 2012) ("The issue of prospective placement generally arises … only after the IEP has been properly completed and the parent wishes to remove the student from the IEP's recommended location.").

The Court agrees with the SRO that orders of prospective services are disfavored as a matter of law.  *See Eley*, 2012 WL 3656471, at *11.  Given that the CSE should have already convened for subsequent school years and that the DOE is currently attempting to secure transportation-based ABA services for P.W., *see* Luken Decl. ¶¶ 16–18, ECF No. 34, the Court shall not disturb the reasoned judgment of the SRO.

V.W.'s motion for summary judgment on this point is DENIED, and the DOE's cross-motion is GRANTED.

IV.    Parent's Role as a Transportation Paraprofessional

V.W. further argues that the IHO and SRO erred in declining to award her reimbursement for her service as a transportation paraprofessional for P.W.  Pl. Mem. at 17.  The IHO determined that such reimbursement to V.W. was not available as a remedy under the IDEA. R0037.  The SRO agreed with the IHO's conclusion and found that an award of such

reimbursement would constitute monetary damages, which IHOs and SROs are not authorized to award under the IDEA.  R0023–25.  Because the SRO based his decision on matters of law, the Court need not defer to the SRO's holding.  *See Lillbask*, 397 F.3d at 82.

V.W. has made clear that the reimbursement she seeks is for the loss of her time serving as a transportation paraprofessional.  *See* Pl. Mem. at 23 ("[T]he money payment [V.W.] seeks [is] for her *time spent* as P.W.'s transition and transportation aide[.]") (emphasis added); *id.* at 6 ("[V.W. seeks] reimbursement . . . for *time served* as transportation paraprofessional[.]") (emphasis added).  District courts in this Circuit have generally held that monetary damages, such as those sought by V.W., are not available under the IDEA.  *Polera*, 288 F.3d at 484 (collecting cases).

V.W. cites the Third Circuit's decision in *Bucks County Department of Mental Health/Mental Retardation v. Pennsylvania*, which awarded a parent reimbursement for her time spent as a service provider for her child, arguing that this case supports V.W.'s claim for reimbursement.  379 F.3d 61 (3d Cir. 2004).  However, *Bucks County* is distinguishable for several reasons.  First, the Third Circuit stated that, under the circumstances of that case, other remedies such as compensatory education would be ineffective, and if reimbursement for the parent's time spent providing services to her child were unavailable, the parent would be left without a remedy.  *Id*. at 72.  That is not the case here.  The IHO ordered reimbursement for the transportation services V.W. procured for P.W. for part of the 2019–2020 school year, R0037, and the SRO stated that, had V.W. provided any evidence of out-of-pocket transportation costs, such costs would be reimbursable, R0024.  Second, the Third Circuit limited its decision to situations where "(1) there has been a violation of [the] IDEA and appropriate private services were provided, (2) the amount of the reimbursement is reasonable, and (3) a trained service

provider was not available so that the parent stepped in to act as the trained service provider and not as a parent." 379 F.3d at 75 (citations omitted).  The parent in *Bucks County* was trained by licensed professionals to provide therapy to her child.  *Id.* at 73–74.  Here, V.W. does not claim to have been trained as a transportation paraprofessional.  Pl. Mem. at 17–24.  And, the DOE was not obligated to fund merely adult supervision of P.W. during transportation, but rather was obligated to fund "a highly qualified behavior management professional," or "an appropriately trained transportation paraprofessional."  *Id.* at 14.  Reimbursement is appropriate under the IDEA when the school district is ordered to "belatedly pay expenses that it should have paid all along," *Bucks County*, 379 F.3d at 68 (citation omitted), and when "appropriate private services were provided," *id.* at 75.  Here, V.W. could not offer professional services that she was not trained to provide.  Thus, she cannot be reimbursed for her time spent acting as a transportation paraprofessional.

V.W. argues in the alternative that she is entitled to such reimbursement under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.  Pl. Mem. at 24.  The Rehabilitation Act prohibits discrimination on the basis of disability in federal programs.  29 U.S.C. § 794(a).  To establish a claim under Section 504, a plaintiff must show that: (1) the plaintiff is a "qualified individual with a disability;" (2) the plaintiff was "excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by [the] public entity;" and (3) "such exclusion or discrimination was due to [the plaintiff's] disability."  *B.C. v. Mt. Vernon Sch. Dist.*, 837 F.3d 152, 158 (2d Cir. 2016) (citing *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009)).

It is undisputed that the DOE is a recipient of federal funding for purposes of the Rehabilitation Act and that P.W. is a "qualified individual with a disability."  Pl. Mem. at 25;

Def. Mem. at 17–18.  V.W. alleges that P.W. "was excluded from participation in DOE transportation services to and from school, and therefore from school itself . . . because of the DOE's failure to provide, at minimum, a travel paraprofessional."  Pl. Mem. at 25.  However, V.W. does not allege that such exclusion was due to P.W.'s disability.  Pl. Mem. at 25–26.  Additionally, a Section 504 claim predicated on allegations of denial of a FAPE to a disabled student requires proof of "bad faith or gross misjudgment."  *C.L. v. Scarsdale Union Free Sch. Dist.*, 744 F.3d 826, 841 (2d Cir. 2014) (citations omitted); *see also S.W. by J.W. v. Warren*, 528 F. Supp. 2d 282, 290 (S.D.N.Y. 2007).  V.W. has not alleged that the DOE acted in bad faith or with gross misjudgment.  Pl. Mem. at 25–26.  Therefore, V.W. has not made out a *prima facie* claim of discrimination under Section 504.

Accordingly, V.W.'s summary judgment motion on this point is DENIED, and the DOE's cross-motion is GRANTED.

V.      Reimbursement for All Food Items During School Hours

Finally, V.W. requests reimbursement of all food items supplied to P.W. during school hours over the 2019–2020 school year.  Pl. Mem. at 26.  The IHO ordered reimbursement of "the cost of food that [V.W.] incurred for [P.W.] to be fed during the school day[.]"  R0036.  The SRO Order held that V.W.'s appeal of this order was inappropriate because V.W. was not "aggrieved" by the order.  R0018 (citing 20 U.S.C. § 1415(g)(1); 8 NYCRR 200.5(k)(1); *J.F. v. N.Y. City Dep't of Educ.*, No. 12 Civ. 2184, 2012 WL 5984915, at *9–10 (S.D.N.Y. Nov. 27, 2012); *Cosgrove v. Bd. of Educ.*, 175 F. Supp. 2d 375, 385 (N.D.N.Y. 2001)).  The IHO Order did not exclude any categories of food for which V.W. sought reimbursement.  R0018.  The Court, therefore, agrees with the SRO that V.W. does not have a colorable basis on which to appeal the IHO Order.  R0018.

V.W. alternatively argues that the DOE has refused to comply with the IHO Order and requests that the Court enforce the IHO Order by compelling the DOE to reimburse V.W. for amounts paid for food items for P.W. during school hours from July 1, 2019, to January 4, 2021. Pl. Mem. at 29–30.  But, the DOE has complied with the IHO Order.  *See* Luken Decl. ¶¶ 9, 11; Exhibit A, ECF No. 34-1.  On April 30, 2020, V.W. sought reimbursement of the cost of food incurred during the 2019–2020 school year, for the period of July 2019 to March 2020.  Luken Decl. ¶ 6; Exhibit A.  The DOE reimbursed V.W. for those costs, and also reimbursed V.W. for the cost of food from July 2020 through May 2021 for the 2020–2021 school year.  Luken Decl. ¶¶ 9, 11–12.  The DOE states that V.W. has not provided any additional documentation to support reimbursement of the cost of food for the period from March 2020 through the end of the 2019–2020 school year.  *Id.* ¶¶ 7–8; Def. Mem. at 20–21.  V.W. does not allege that she has, in fact, submitted proof of payment for food items to the DOE for the time period between March 2020 and June 2020.  Pl. Response at 11, ECF No. 35.  Therefore, the DOE has complied with the IHO Order.

Accordingly, V.W.'s motion for summary judgment on this point is DENIED, and the DOE's cross-motion is GRANTED.

## CONCLUSION

Pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I), the Court shall award reasonable attorneys' fees and costs to V.W.  By **August 31, 2022**, V.W. shall file a particularized request for reasonable attorneys' fees and costs, together with supporting documentation, that complies with

20 U.S.C. § 1415(i)(3)(C).  By **September 14, 2022**, the DOE shall file any objections thereto,

after which the Court will render its final judgment.


      SO ORDERED.

Dated: August 17, 2022
     New York, New York

                                _____
                                  ANALISA TORRES
                          United States District Judge